UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| LELAND FOSTER, | ) |
| | ) Case 3:24-cv-1427 |
| Plaintiff, | ) |
| v. | ) Judge |
| RACEWAY PLAZA, LLC, an Ohio limited liability company, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

NOW COMES Leland Foster, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. Counsel for Plaintiff, who hereby files this Complaint against the named Defendant **RACEWAY PLAZA, LLC,** Ohio Limited Liability Company for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

**JURISDICTION AND VENUE**

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant's as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United

States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Ohio as venue lies in the judicial district of the property *situs*.  The Defendant's property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, LELAND FOSTER ("Plaintiff" or "Mr. Foster"), is a Fulton County, Ohio resident, is *sui juris*, and qualifies as an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant **Raceway Plaza, LLC** owns the property located at 20 E. Alexis Rd. Toledo, Ohio 43612-3642 in Lucas County, Ohio, which is a neighborhood shopping center.  Plaintiff has patronized Defendant's property and the facilities thereon previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

6. Plaintiff has patronized Defendant's shopping center and the businesses and facilities thereon previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

7. Upon information and belief, the shopping center and the tenant spaces owned or operated by the Defendant are non-compliant with the remedial provisions of the ADA. As Defendant either own, leases, leases to, or operates a place of public accommodation

as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA.

8. Defendant's shopping center and the tenant spaces therein t are places of public accommodation. Defendant's property and business fail to comply with the ADA and its regulations, as also described further herein.

9. Mr. Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

10. Mr. Foster is a Swanton, Ohio resident and frequents the restaurants, shopping centers, businesses and establishments of Toledo, Lucas County, Ohio and surrounding area, including the Defendants properties that form the subject of this complaint.

11. Most recently on July 26, 2024 and on November 12, 2022, Plaintiff was a customer at the Defendant's shopping center and the Subway restaurant therein, and he plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety and protected access to Defendant's place of public accommodation.

12. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice.

     Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity as customer and as a "tester," visited the restaurant, encountered barriers to access at the restaurant, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

13. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the restaurant without fear of discrimination.

14. The Defendant has discriminated against the Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

15. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

16. A preliminary inspection of the shopping plaza and restaurant owned or operated by Defendants has shown that many violations of the ADA exist at the subject property. These violations include, but are not limited to:

**Parking Lot:**

A. In the parking lot, there is not the required number of accessible parking spaces (2), only having 1 accessible space where 37 total spaces are available, in violation of the ADA section 208 of the 2010 Standards and 1991 ADAAG section 4.6.1, whose remedy is strictly required or at minimum is readily achievable.

B. In the parking lot, the designated accessible parking space is missing the required signage, including the International Symbol of Accessibility identifying the parking stall as "accessible parking," in violation of the ADA section 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4, whose remedy is strictly required or at minimum is readily achievable.

C. In the parking lot there are no designated Van accessible parking spaces, in violation of the ADA section 208.2.4 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is strictly required or at minimum is readily achievable.

D. Signs identifying van parking spaces, if any, do not contain the designation "van accessible" and signs are not mounted 60 inches minimum above the finish floor or ground surface measured to the bottom of the sign in violation of the ADA and section 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4, whose remedy is strictly required or at minimum is readily achievable.

E. Ground surfaces located on the accessible route have cracks in excess of ½ inch and changes in elevation in excess of ¼ inch, in violation of the ADA and section 302.2 and 302.3 of the 2010 Standards and 1991 ADAAG section 4.5.2 and 4.5.4, whose remedy is strictly required or at minimum is readily achievable.

F. There is not a level landing at the top of the curb ramp, in violation of the ADA section 406.4 of the 2010 Standards and 1991 ADAAG section 4.8.4, whose remedy is strictly required or at minimum is readily achievable.

G. There are no accessible routes within the site, from site arrival points to the other accessible building entrances, in violation of the ADA and section 206.2 and 403.5 of the 2010 Standards and 1991 ADAAG section 4.1.2(1) and (2), whose remedy is strictly required or at minimum is readily achievable.

**Subway Restrooms**

H. At the Men's and Women's restroom entry, the sign providing information is located out of compliance, in violation of the ADA section 703 of the 2010 Standards and 1991 ADAAG section 4.30.6 whose remedy is strictly required or at minimum is readily achievable.

I. In the Men's and Women's restroom, the toilet paper is not properly mounted on the side wall, in violation of the ADA and section 604.7 of the 2010 Standards, whose remedy is strictly required or at minimum is readily achievable.

J. In the Men's restroom, the height of the mirror's reflective surface is greater than 40' above the finished floor, in violation of the ADA section 603.3 of the 2010 Standards and 1991 ADAAG section 4.19.6, whose remedy is strictly required or at minimum is readily achievable.

K. In the Men's and Women's restroom, the paper towels are too high and out of the maximum reach range, in violation of the ADA and section 308.3.1 of the 2010 Standards, whose remedy is strictly required or at minimum is readily achievable.

J. In the Men's and Women's restroom, the water and drainpipes under the lavatory are not adequately insulated to protect against scalding or contact in violation of the ADA section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is strictly required or at minimum is readily achievable.

K. In the Men's restroom, the sink does not provide the required knee clearances, in violation of the ADA section 306.3 of the 2010 Standards, whose remedy is strictly required or at minimum is readily achievable.

L. In the Women's restroom the sink faucet controls require tight clasping or twisting to operate, in violation of section 309.4 of the 2010 Standards and section 4.27.4 of the 1991 ADAAG, whose remedy is strictly required or at minimum is readily achievable.

**Policies and Procedures**

M.      The Defendant lacks or have inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

N.      The Defendants' inadequate procedures for the benefit of its patrons with disabilities extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Leland Foster.

17. The discriminatory violations described in Paragraph 16 by the Defendants are not an exclusive list of the ADA violations believed to exist at the place of public accommodation. Plaintiff requires further inspection of the Defendants' place of public accommodation in order to determine, photograph and measure all of the discriminatory acts violating the ADA and areas of non-compliance with the Americans with Disabilities Act creating barriers to handicap access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

18. Plaintiff restates the allegations of ¶¶1-17 as if fully rewritten here.

19. The Shopping Center and tenant spaces at issue, as owned and/or operated by the Defendant **Raceway Plaza, LLC**, constitute a public accommodation and service establishments, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

20. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facilities, including those specifically set forth herein, and make the store accessible to and usable by persons with disabilities, including Plaintiff.

21. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is being damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

22. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make all alterations, or at minimum such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons.. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

### COUNT II
### VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
### O.R.C. §4112.01 et seq.

23. Plaintiff restates the allegations of ¶¶1-22 as if fully rewritten here.

24. The Defendant Raceway Plaza, LLC operates or owns a "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

25. Defendant has committed an unlawful act pursuant to O.R.C. § 4112.02(G) by denying Plaintiff equal access to and use of public accommodations. Whereas, the Raceway Plaza LLC Defendant has failed to create compliant parking spaces or an accessible route from the parking into the retailers for the duration of its ownership of the shopping center. And neither does it require its tenants to maintain accessible restroom facilities for the benefit of the shopping center's patrons.

26. The Defendant's acts are willful, severe and ongoing.

27. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as necessary to ensure justice, and attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all alterations, or at minimum readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
obdjt@owendunnlaw.com